IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| TRUCK DRIVERS AND HELPERS LOCAL UNION NO. 355 HEALTH AND WELFARE FUND, By its Trustee, David White 9411 Philadelphia Road, Suite S Baltimore, Maryland 21237 | *<br>*<br>*<br>*  Civil Action No.<br>* |
| Plaintiff, | * |
| v. | * |
| ESTATE OF MARK A. DELINSKI, 1783 Melbourne Road Dundalk, Maryland 21222 | *<br>*<br>* |
| and | * |
| CYNTHIA L. DELINSKI, 1783 Melbourne Road Dundalk, Maryland 21222 | *<br>*<br>* |
| and | * |
| ERIC DELINSKI, 1783 Melbourne Road Dundalk, Maryland 21222 | *<br>*<br>* |
| and | * |
| CLIFFORD HARDWICK, ESQUIRE, 210 North Charles Street, # 1501 Baltimore, Maryland 21201 | *<br>*<br>* |
| and | * |
| HARDWICK & HARRIS, LLP, 210 North Charles Street, # 1501 Baltimore, Maryland 21201 | *<br>*<br>* |
| Serve: Clifford Hardwick, Resident Agent 210 N. Charles Street, #1501 Baltimore, Maryland 21201 | *<br><br>* |

| | |
|---|---|
| and | * |
| HARDWICK & HARRIS ESCROW ACCOUNT, | * |
| Held in Trust for the Estate of Mark A. Delinski, Cynthia Delinski, and Eric Delinski | * |
| | * |
| 210 North Charles Street, #1501 Baltimore, Maryland 21201 | * |
| and | * |
| PERSONAL INJURY TRUST FOR THE BENEFIT OF THE BENEFICIARIES OF MARK A. DELINSKI | * |
| | * |
| 210 North Charles Street, #1501 Baltimore, Maryland 21201 | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF

### Nature of Action

1. This is an action for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 for the purpose of determining questions of actual controversy among the parties as hereinafter appears, which questions relate to the terms of an employee benefit plan.

2. The jurisdiction of this Court is based upon Section 502(f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(f) and 28 U.S.C. § 1331.

3. This action is being brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to obtain appropriate relief to redress a violation and enforce the terms of the plan.

**Venue**

4.      Venue in the District of Maryland is appropriate in this action under Section 502(e) of ERISA, 29 U.S.C. § 1132(e), as it is in this judicial district where the plan is administered, the Plaintiff's claim first arose and continues to exist and where all Defendants maintain their residence and/or place of business.

**The Parties**

5.      Plaintiff, Truck Drivers and Helpers Local Union No. 355 Health and Welfare Plan ("Health Fund") is an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce, and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  David White is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Health Fund which joint board is the plan sponsor of the Health Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.      Mark A. Delinski ("Mr. Delinski"), was at all relevant times a Health Fund participant, as the term is defined in Section 3(7) of ERISA, 29 U.S.C. § 1002(7), and was signatory to a subrogation agreement with the Health Fund relative to an accident occurring on or about July 19, 2014.  Upon information and belief, Mr. Delinski passed away on June 28, 2015.  The Estate of Mark A. Delinski was established for the purpose of benefiting Mr. Delinski's beneficiaries.

7. Cynthia Delinski ("Mrs. Delinski"), is Mr. Delinski's wife and beneficiary, as that term is defined in Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

8. Eric Delinski is Mr. Delinski's son and beneficiary, as that term is defined in Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9. Clifford Hardwick ("Mr. Hardwick") is the attorney for Mrs. Delinski, Eric Delinski, and the Estate of Mark A. Delinski in the personal injury case arising from the accident that is the basis for Plaintiff's claim, and is signatory to the subrogation agreement with the Health Fund.

10. Hardwick & Harris, LLP, is a law firm where Mr. Hardwick practices law, and is named in the Settlement Agreement and Release, and on the settlement check issued in settlement of the personal injury case arising from the accident that is the basis for Plaintiff's claim.

11. Upon information and belief, the Hardwick & Harris Escrow Account is the name of the account in which assets are located, which are clearly traceable and identifiable as funds paid in settlement of the personal injury case giving rise to Plaintiff's claim, to Mr. Delinski, or to Mrs. Delinski, and/or Eric Delinski, and/or the Estate of Mark A. Delinski, on Mr. Delinski's behalf, by a third party, belonging in good conscience to the Plaintiff.

12. Upon information and belief, the Personal Injury Trust for the benefit of the beneficiaries of Mark A. Delinski is the name of the account in which assets are located, which are clearly traceable and identifiable as funds paid in settlement of the personal injury case giving rise to Plaintiff's claim, to Mr. Delinski, or to Mrs. Delinski, and/or Eric Delinski, and/or the Estate of Mark A. Delinski on Mr. Delinski's behalf, by a third party, belonging in good conscience to the Plaintiff.

**Plan Terms**

13. At all relevant times the Summary Plan Description ("Plan") issued by the Health Fund, provided for subrogation of the Health Fund by a Participant or beneficiary as follows:

**SUBROGATION**

> If you or one of your dependents is injured directly or indirectly by a third party, the Plan will pay covered benefits under the following circumstances. If you receive a payment from the third party, and/or from an insurance company, employer or other agent, assign, or relative of the third party as a result of settlement or award for your injuries, the Plan will have the right to an equitable lien over the payment, and the Plan will have a right of first recovery from the payment, without deduction of attorneys' fees or costs, up to the full amount of the recovery. The Plan's right of first recovery shall apply regardless of whether the award or settlement is designated for medical benefits, damages, pain and suffering or any other designation related to the injuries. The common fund and make whole doctrines are specifically rejected, for the purposes of this section.

Plan Document, page 30.

**Facts**

14. Paragraphs 1-13 are hereby incorporated as if set out in full.

15. Mr. Delinski was allegedly injured in a slip and fall accident on or about July 19, 2014 while in the care of Johns Hopkins Bayview Medical Center, Inc.. On this date, Mr. Delinski was an eligible participant of the Health Fund under the terms of the Plan.

16. At the time of the accident, and at all relevant times subsequent thereto, Mr. Delinski was entitled to seek and receive plan benefits from the Health Fund, pending the outcome of any claim that may have arisen as a result of the accident.

17. Subsequent to the accident, Mr. Delinski did seek and receive benefits provided by the plan as a result of that accident.

18.     The Health Fund paid benefits on behalf of Mr. Delinski totaling $250,820.98 arising out of injuries allegedly sustained as a direct or indirect result of the accident on or about July 19, 2014.

19.     Attached hereto as "Exhibit 1" is a photocopy of the Subrogation Agreement between Mr. Delinski and the Health Fund, executed by Mr. Delinski and Mr. Hardwick, on January 6, 2015, wherein they acknowledged the obligation to repay the Health Fund to the full extent of the benefits received.  Mrs. Delinski was a witness to the Subrogation Agreement's execution.

20.     The Subrogation Agreement provides that the parties "agree to reimburse (or direct others to reimburse) the Fund for the entire amount it paid with respect to the Claim out of any money I receive or am entitled to receive from third party, its insurer, or any other person or entity (public or private) which is attributable to or related in any manner to such illness or injury."

21.     Upon information and belief, the Estate of Mark A. Delinski, Mrs. Delinski and Eric Delinski, filed a lawsuit against Johns Hopkins Bayview Medical Center, Inc., The Johns Hopkins Health System Corporation, Johns Hopkins Medicine, and The Johns Hopkins Hospital, Inc. ("Johns Hopkins and related entities") on or about July 18, 2017, in the Circuit Court for Baltimore City.

22.     Upon information and belief, a Settlement Agreement and Release by and between the Estate of Mark A. Delinski, Cynthia Delinski, Eric Delinski and Johns Hopkins and related entities was executed on or about January 25, 2019, in settlement of the above-referenced lawsuit.

23.     Upon information and belief, the settlement was specifically for the "fall experienced by Mark Delinski at Johns Hopkins Bayview Medical Center, Inc. on July 19, 2014," for which Mr. Delinski received benefits from the plan as a result of that accident.

24.     Upon information and belief, under the terms of the Settlement Agreement and Release by and between the Estate of Mark A. Delinski, Cynthia Delinski, Eric Delinski and Johns Hopkins and related entities, the Estate of Mark Delinski, Cynthia Delinski and Eric Delinski warranted that they had an obligation to satisfy any outstanding liens and subrogated interests, which "specifically includes any lien asserted by the Teamsters."

25.     Upon information and belief, the Estate of Mark A. Delinksi, Cynthia Delinski, Eric Delinski and Hardwick & Harris, LLP, received a settlement and/or award from Johns Hopkins and related entities as a result of the July 19, 2014, accident, and in settlement of the above-referenced lawsuit in the amount of $160,000.00.

26.     Upon information and belief, a trust has been established for the benefit of the Estate of Mark A. Delinski, Mrs. Delinski and Eric Delinski, by their attorney, Mr. Clifford Hardwick and/or Hardwick & Harris, LLP, consisting of proceeds from the settlement for injuries sustained by Mr. Delinski in the accident on or about July 19, 2014.

## COUNT 1

### Claim of Health Fund for Imposition of a Constructive Trust

27.     Paragraphs 1-26 are hereby incorporated as if set out in full.

28.     The Health Fund seeks to impose a constructive trust, to the extent of benefits extended by the Health Fund to the Estate of Mark A. Delinski, Cynthia Delinski and Eric Delinski, over the funds held in trust, clearly traceable and identifiable as an award or settlement from a third party, in relation to the accident of or about July 19, 2014.

WHEREFORE, Plaintiff Health Fund prays:

a. That this Court declare that, under the terms of this Plan, the Health Fund is entitled to impose a constructive trust in the full amount of benefits paid by the Health Fund on the amounts held in trust, or otherwise clearly traceable and identifiable, for the Estate of Mark A. Delinski, Mrs. Delinski, and/or Eric Delinski by their attorney Mr. Clifford Hardwick and/or Hardwick & Harris, LLP;

b. That Defendants immediately and or permanently cease and desist from releasing any money that is identifiable or attributable to the settlement the claim arising from Mr. Delinski's accident on or about July 19, 2014, to the extent of benefits paid ($250,820.98) on Mr. Delinski's behalf by the Health Fund;

c. That this Court grant further relief by requiring the funds held in trust or escrow for the benefit of Mr. Delinski, or otherwise clearly traceable and identifiable, to be paid to the Health Fund in the amount of $250,820.98, the full amount of benefits paid by the Health Fund of the benefits extended to Mr. Delinski, or the entire amount of settlement, whichever is lesser;

d. That Plaintiff be awarded interest at the legal rate from the date that the Estate of Mark A. Hardwick, Mrs. Delinski and Eric Delinski became obligated to reimburse the Health Fund through the date of judgment;

e. That Plaintiff be awarded reasonable attorneys' fees, post judgment interest and its costs;

f. That this Court grant such further relief as the interest of justice may require.

| | |
|---|---|
| November 6, 2019 | /s/ Corey Smith Bott |
| Date | Corey Smith Bott |
| | Bar No. 25673 |

/s/ Shauna Barnaskas
Shauna Barnaskas
Bar No. 16755

Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990

Attorneys for Plaintiffs