| | |
|---|---|
| From: | Shauna Barnaskas |
| To: | Cliff Hardwick; Lawdesk |
| Cc: | Corey Bott |
| Subject: | Delinski |
| Date: | Wednesday, June 26, 2019 10:43:00 AM |

Mr. Hardwick:

As I have repeatedly told you, my client maintains a lien over <u>all</u> settlement funds you receive pursuant to the Subrogation Agreement signed by both you and Mr. Delinski acknowledging that the Fund has a lien on any recovery. I will remind you that the Subrogation Agreement states that those signatory "agree to reimburse (or direct others to reimburse) the Fund for the entire amount it paid with respect to the Claim out of *any* money [they] receive or [are] entitled to receive, from third party, its insurer, or any other person or entity (public or private) which is attributable to or related in any manner to such illness or injury. . . This repayment obligation applies to the recovery of any money, regardless of whether the payment is characterized as compensation for pain and suffering or something else." Additionally, "all parties to this Agreement agree that the Participant's or dependent(s)' obligation to repay the Fund has priority over other obligations they may have, including any obligation to pay attorneys' fees out of the recovery." Both you and Mr. Delinski signed this Subrogation Agreement acknowledging and agreeing to the terms therein.

The Supreme Court has repeatedly held that Subrogation Agreements with almost identical language to that of my client's Subrogation Agreement are enforceable. See <u>Sereboff v. MidAtlantic Medical Serv.</u>, 547 U.S. 356 (2006); <u>McCutchen v. U.S. Airways</u>, 569 U.S. 88 (2013); and <u>Montanile v. Board of Trustees of the Nat'l Elevator Indus. Health Benefit Plan</u>, 136 S. Ct. 651 (2016). ERISA Section 502(a)(3) provides the remedial framework for plan fiduciaries to obtain appropriate equitable relief to enforce the terms of a plan. Under Supreme Court precedent, a plan's claim seeking reimbursement for medical expenses after the beneficiary or participant recovered money from a third party is equitable in nature; the terms of the plan creates an equitable lien by agreement on third party settlements. <u>Sereboff</u>, 547 at 364-65 (2006). In legal matters arising under ERISA Section 502(a)(3), the terms of an ERISA plan will govern.

Here, the Plan's Summary Plan Description states that if a Participant or Beneficiary who has signed a Subrogation Agreement receives a settlement from a third party "as a result of settlement or award for your injuries, the Plan will have the right to an equitable lien over the payment, and the Plan will have a right of first recovery from the payment, without deduction of attorneys' fees or costs, up to the full amount of the recovery. The Plan's right of first recovery shall apply regardless of whether the award or settlement is designated for medical benefits, damages, pain and suffering or any other designation related to the injuries. The common fund and make whole doctrines are specifically rejected, for the purposes of this section." These provisions are reinforced in the Subrogation Agreement.

Your assertion that the claims asserted by Mrs. Delinski and Mr. Eric Delinski belong to them as individuals is also invalid. Circuit Courts have held that settlement agreements specifically structured to avoid equitable liens do not defeat the Plan's equitable lien by agreement. ACS Recovery Services, Inc. v. Griffin, 723 F.3d 518, 528 (5th Cir. 2013). The Plan's right to reimbursement supersedes any agreement specifically structured to avoid the lien. Id.

The claims you have made that my client would be unjustly enriched by receiving proceeds of any settlement are meritless and inconsistent with Supreme Court precedent on this issue. In fact, the Supreme Court has explicitly rejected the theory of unjust enrichment when used to defeat the plan's clear terms when a valid agreement has been bargained. McCutchen, 569 at 98. See also Restatement (Third) of Restitution and Unjust Enrichment § 2(2) (2010) ("A valid contract defines the obligations of the parties as to matters within its scope, displacing to the extent any inquiry into unjust enrichment.") In the ERISA subrogation context, to allow another party to obtain full benefits from a Participant or Beneficiary's efforts without contributing to the litigation expenses does not unjustly enrich the others at the Participant or Beneficiary's expense; the Subrogation Agreement allows for reimbursement, so the other party is simply claiming a benefit of previous bargain. McCutchen 569 at 100. Simply put, the express terms of an ERISA benefits plan cannot be overridden by subsequent equitable defenses.

Your assertion that you are not able to distribute the Settlement Agreement is in direct violation of your agreement with the 355 Health Plan, which you signed prior to the Settlement Agreement. The Plan's SPD states that "[t]he Subrogation Agreement requires, among other things, that you and your attorney must cooperate with the Plan and provide all information regarding your lawsuit or settlement to the Fund Office and/or Plan Counsel." Therefore, I respectfully request you to turn over the Settlement Agreement.

Although I believe that I have repeatedly put you on notice that my client maintains a lien over all recovered assets, this is to expressly demand that the entire amount of the lien be held, turned over to my client, and not dissipated. Any action or attempt to dissipate these funds is in violation of the Subrogation Agreement you signed, as well as Supreme Court precedent. Please confirm that this money is being held in accordance with the terms of the Subrogation Agreement. If not, my client will likely file suit in Federal court to enforce the Fund's rights.

Frankly, as a legal professional who is signatory to the Subrogation Agreement and who is on notice of an equitable lien by agreement that attached at the time you and your client received a settlement, you are required to act in accordance with professional standard of conduct. You knowingly entered into the Subrogation Agreement and now attempt to claim that it is invalid, while purposely being coy about the terms of the Settlement Agreement. I trust that your actions moving forward will be more forthcoming.

Sincerely,
Shauna


Shauna Barnaskas

| | |
|---|---|
| **From:** | Shauna Barnaskas |
| **To:** | Cliff Hardwick |
| **Cc:** | Lawdesk; Corey Bott |
| **Subject:** | RE: Delinski |
| **Date:** | Friday, June 21, 2019 2:26:00 PM |
| **Attachments:** | 355 Health - M. Delinski Subrogatoin.pdf |

Dear Mr. Hardwick,
When we last communicated, Mr. Delinski's case was still ongoing. My client was not aware that any settlement had been reached, and my client has not waived its right to reimbursement as to any recovery. I am attaching the subrogation agreement signed by both you and Mr. Delinski which acknowledges that the Fund has a lien on any recovery, including recoveries made by other parties on Mr. Delinski's behalf. Please forward all settlement documents to me so I can advise my client.
Thanks,
Shauna

Shauna Barnaskas
Abato, Rubenstein & Abato, P.A.
809 Gleneagles Court  Suite 320
Baltimore, MD 21286
(410) 321-0990 phone
(410) 321-1419 fax

This e-mail message including any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

-----Original Message-----



| | |
|---|---|
| **From:** | Shauna Barnaskas |
| **To:** | Cliff Hardwick |
| **Cc:** | Kamilla Usmanova |
| **Subject:** | RE: 355 Health Fund - Mark Delinski subrogation |
| **Date:** | Thursday, January 10, 2019 11:52:00 AM |
| **Attachments:** | 355 Health - M. Delinski Subrogatoin.pdf |

Dear Cliff,

Thank you for taking the time to discuss the case status, and for sending me the information regarding the settlement discussions. This is to reiterate that pursuant to the Subrogation Agreement signed by both you and Mr. Delinski, the Fund has a lien on any recovery, including recoveries made by other parties on Mr. Delinski's behalf. I am attaching a copy of the Subrogation Agreement to this email. Therefore, I disagree with your assertion that no lien exists over amounts received by Mr. Delinski's survivors. Please continue to keep me updated on the status of this case and let me know if you have any questions.

Thank you,
Shauna Barnaskas


Shauna Barnaskas
Abato, Rubenstein & Abato, P.A.
809 Gleneagles Court  Suite 320
Baltimore, MD 21286
(410) 321-0990 phone
(410) 321-1419 fax

This e-mail message including any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.



LAW OFFICES
# ABATO, RUBENSTEIN AND ABATO, P.A.

| | | |
|---|---|---|
| Kimberly L. Bradley<br>James R. Rosenberg •<br>Paul D. Starr •<br>Corey Smith Bott<br>Brian G. Esders •<br>Shauna Barnaskas<br><br>• Also admitted in DC | 809 Gleneagles Court<br>Suite 320<br>Baltimore, Maryland 21286<br>(410) 321-0990<br>(410) 321-1419 Fax<br>www.abato.com | Cosimo C. Abato<br>(1930 – 1995)<br>Bernard W. Rubenstein<br>(1920 – 2009)<br>Anthony A. Abato, Jr.<br>(1933 – 2015)<br><br>*Of Counsel*<br>H. Victoria Hedian<br>Stephen W. Godoff •  |

April 23, 2018

Clifford L. Hardwick, Esquire
Hardwick & Harris, LLP
201 North Charles Street, Suite 1501
Baltimore, Maryland 21201

  Re: Member: Mark A. Delinski
     Date of Accident: July 19, 2014
     Teamsters 355 Health Fund
     File Number: 61435

Dear Mr. Hardwick:

  You will recall that I wrote to you on May 10, 2016, informing you of the Teamsters 355 Health Fund subrogation interest in the matter of your claim from damages on behalf of Mark A. Delinski, arising out of his accident of July 19, 2014.

  I would appreciate your advising me as to the current status of this matter.

                Very truly yours,

                Shauna Barnaskas

SMB/cmb
cc: Courtney Reinsfelder

# LAW OFFICES
## ABATO, RUBENSTEIN AND ABATO, P.A.

Kimberly L. Bradley
James R. Rosenberg •
Paul D. Starr •
Corey Smith Bott
Brian G. Esders •
Heather Heilman †
Shauna Barnaskas

• Also admitted in DC
† Also admitted in WV

809 Gleneagles Court
Suite 320
Baltimore, Maryland 21286
(410) 321-0990
(410) 321-1419 Fax
www.abato.com

Cosimo C. Abato
(1930 – 1995)
Bernard W. Rubenstein
(1920 – 2009)
Anthony A. Abato, Jr.
(1933 – 2015)

*Of Counsel*
H. Victoria Hedian
Stephen W. Godoff •



May 10, 2016

Clifford L. Hardwick, Esquire
Hardwick & Harris, LLP
201 North Charles Street
Suite 1501
Baltimore, Maryland 21201

    Re: Mark A. Delinski
    Fund: Truck Drivers and Helpers Local 355 Baltimore Area Health and Welfare Fund
    Date of Accident: July 19, 2014
    File Number: 61435

Dear Mr. Hardwick,

    As counsel to the Truck Drivers and Helpers Local 355 Baltimore Area Health and Welfare Fund ("the Fund"), I am advising you of the Fund's subrogation interest in the matter of your claim for damages on behalf of Mark A. Delinski, arising out of his accident on July 19, 2014.

    The Fund's Administration office has tried to contact you several times regarding this matter, and has provided you with information on how to continue with your lien reduction request, but you have yet to respond. If the case has settled, please forward reimbursement in the amount of $250,820.98. These amounts are subject to the Fund's subrogation lien and reimbursement rights according to the Subrogation Agreement signed by your client (see attached).

    The Trustees of the Fund regard this matter as an important one arising out of their fiduciary duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et. seq.* to enforce the terms of the Fund's plan documents. The obligation of a Fund participant to reimburse the Fund out of any recovery made as a result of her claim for benefits will be strictly enforced by the Trustees.

    I am enclosing a copy of the Subrogation Agreement signed by Mr. Delinski. Please contact the Fund Office directly at (443)573-3632 for more information or questions regarding this matter.

    I ask that you show the courtesy of advising us on the status of this case within two weeks.

                                    Very Truly Yours,

                                    Shauna Barnaskas

Enclosure
cc: Courtney Reinsfelder



**Truck Drivers and Helpers Local 355
Baltimore Area Health & Welfare and Pension Funds
Eastern Shore Teamsters Pension Fund**
9411 Philadelphia Road, Suite S - Baltimore, Maryland 21237
Telephone Numbers:   (443) 573-3632   (866) 621-7974   Fax (410) 444-0035

## SUBROGATION AGREEMENT

I, _Mark Delinski_, have submitted a claim(s) to the Truck Drivers & Helpers Local Union No. 355 Health & Welfare Fund (hereinafter called the "Claim"). I may have legal rights on account of the acts or omissions of a third party (or parties) which caused or contributed to the illness or injury which resulted in the Claim. I also may be entitled to benefits or payments on account of such injury or illness, irrespective of a third party's act or omission. In consideration of the Fund's payment of benefits with respect to the Claim, I agree to reimburse (or direct others to reimburse) the Fund for the entire amount it paid with respect to the Claim out of any money I receive or am entitled to receive, from third party, its insurer, or any other person or entity (public or private) which is attributable to or related in any manner to such illness or injury. This includes first party payments that may be made to you or your dependents by your own insurance company. This repayment obligation applies to the recovery of any money, regardless of whether the payment is characterized as compensation for pain and suffering or something else.

Further, all parties to this Agreement agree that the Participant's or dependent(s)' obligation to repay the Fund has priority over other obligations they may have, including any obligation to pay attorneys' fees out of the recovery. Neither the Participant, dependent(s), nor the undersigned attorney may reduce the amount due the Fund to account for payment of attorneys' fees or other obligations.

I further agree that I will notify the Fund or any attorney, insurance company representative, or other person whom I have contacted or will contact to assist me in seeking money on account of the Claim and I will direct such person to release all information to and fully cooperate with the Fund. I agree that this Agreement irrevocably directs such attorney, insurance company representative, or other person to pay the Fund the entire amount owed to the Fund under this Agreement out of any settlement, judgment, or other recovery, whether or not the said settlement, judgment, or other recovery includes or specifically excludes payment to me for medical care and treatment or weekly disability benefits paid to me on my behalf by the Fund. The undersigned attorney hereby agrees to be bound by the provisions of this Subrogation Agreement.

I represent that I have not accepted any money with respect to the illness or injury which resulted in the Claim. I agree that until the Fund is reimbursed in full for the benefits it paid which are attributable to the Claim, I will not accept any money with respect to such illness or injury without the Fund's written consent.

I agree that the Fund has a lien on the proceeds of any recovery received by my or on my behalf. I consent and agree that a lien or an equitable lien by agreement in favor of the Fund exists with regard to any recovery I receive. I hereby grant the Fund an irrevocable vested future interest in the proceeds of any recovery that is predicated on an illness or injury for which I received benefits from the Fund. I agree that once I receive a recovery, I am responsible for holding and safeguarding those funds in a constructive trust until the proceeds are surrendered to the Fund. In this regard, I act as a trustee and fiduciary over those funds until they are turned over to the Fund.

I agree that I will not assign to any party, including my attorney, any rights or causes of action that I may have against a third party related to the illness or injury for which the Fund may pay, is paying, or has paid, without the written consent of the Fund. As such, the Fund's reimbursement will not be reduced by attorneys' fees and/or expenses. The Fund's right to reimbursement shall not be affected, reduced, or eliminated by the make whole doctrine, the comparative fault doctrine, the regulatory diligence doctrine, the collateral source rule, the attorney fund doctrine, the common fund rule, any state subrogation laws, or any other defenses that may be asserted against the Fund's recovery.

RECEIVED
BENEFITS ADMIN CORP
2015 JAN 19 P 4: 32

229466

I understand that if I recovery money from another party, including my own insurance company, but fail or refuse to repay the Fund, future plan benefits will not be paid to me or any of my dependents until such time as the Fund offsets the full amount due to be reimbursed under the Fund's rules, plus 10% interest per annum. If the Fund is forced to bring a legal action against me to collect any unreimbursed amounts due, I agree to pay interest at the rate of 10% per annum, as well as the Fund's attorneys' fees and costs related to collection of the amounts due.

I also agree that the Fund has the right to pursue its reimbursement claim directly against the third party and upon the Fund's request, I agree to assign to the Fund any right of recovery or cause of action in tort, or any other claim or cause of action which I have or may have, to the extent of the amount of benefits paid by the Fund with respect to the Claim. I agree to cooperate fully with and assist the Fund in any action it may take pursuant to this Agreement.

PARTIES TO THIS SUBROGATION AGREEMENT

1. Name of Participant   Mark Delinski
2. Date of Accident   7/19/14
3. Name(s) of all related persons injured in accident (participant, spouse, dependent children)
   Name   Mark Delinski
   Name   _____
   Name   _____

4. Name and address of Attorney representing Participant or Dependent(s)
   Clifford L. Hardwick, Esq
   201 N. Charles Street, Ste 501
   Baltimore, MD 21201

5. Phone number of Attorney representing Participant or Dependent(s)
   410-727-0828

_____          _____
Signature of Participant          Witness (Cynthia Delinski)

1/6/15
Date

_____          _____
Signature of Dependent (if injured in accident)   Witness

_____
Date

_____          _____
Signature of Attorney (Clifford L. Hardwick)   Witness (Kristo Meisner)

1/6/2015
Date

PLEASE NOTE: BENEFIT PAYMENTS WILL NOT BE ADVANCED BY THE FUND UNTIL THIS AGREEMENT IS COMPLETED AND FULLY EXECUTED

2015 JAN 19 P 4: 32
RECEIVED
BENEFITS ADMIN CORP

229466



# Truck Drivers and Helpers Local 355
## Baltimore Area Health & Welfare and Pension Funds
## Eastern Shore Teamsters Pension Fund
9411 Philadelphia Road, Suite S - Baltimore, Maryland 21237
Telephone Numbers:   (443) 573-3632   (866) 621-7974   Fax (410) 687-7600

February 8, 2016

CLIFFORD I. HARDWICK, ESQUIRE
HARDWICK & HARRIS, LLP
SUITE 1501
201 NORTH CHARLES STREET
BALTIMORE, MD. 21201

ID# CLV069714

Re:  Mark A Delinski
Date of Injury:  7/19/2014
Your file Number:  61435

Dear Mr. Hardwick,

As you know, the Truck Drivers and Helpers Local 355 Baltimore Area Health and Welfare Fund has a subrogated interest in the matter referenced above. The Fund's Lien in this matter is $250,820.98. These amounts are subject to the Fund's subrogation lien and reimbursement rights according to the signed Subrogation Agreement.

Please advise the Fund Office of the status of this case.

Should you have any questions or require additional information, please contact the Fund Office.

Sincerely,

Courtney Reinsfelder
Benefits Administration Corporation, Inc.
Administrator



**Truck Drivers and Helpers Local 355**
**Baltimore Area Health & Welfare and Pension Funds**
**Eastern Shore Teamsters Pension Fund**
9411 Philadelphia Road, Suite S - Baltimore, Maryland 21237
Telephone Numbers:    (443) 573-3632   (866) 621-7974    Fax (410) 687-7600

October 27, 2015

CLIFFORD L HARDWICK, ESQUIRE
HARDWICK & HARRIS, LLP
SUITE 1501
201 NORTH CHARLES STREET
BALTIMORE, MD. 21201

ID# CLV069714

Re:  Mark A Delinski
Date of Injury:  7/19/2014
Your file Number:  61435

Dear Mr. Hardwick,

As you know, the Truck Drivers and Helpers Local 355 Baltimore Area Health and Welfare Fund has a subrogated interest in the matter referenced above. The Fund's Lien in this matter is $250,820.98. These amounts are subject to the Fund's subrogation lien and reimbursement rights according to the signed Subrogation Agreement.

Please advise the Fund Office of the status of this case.

Should you have any questions or require additional information, please contact the Fund Office.

Sincerely,

Courtney Reinsfelder
Benefits Administration Corporation, Inc.
Administrator



**Truck Drivers and Helpers Local 355
Baltimore Area Health & Welfare and Pension Funds
Eastern Shore Teamsters Pension Fund**
9411 Philadelphia Road, Suite S - Baltimore, Maryland 21237
Telephone Numbers:     (443) 573-3632   (866) 621-7974    Fax (410) 687-7600

September 14, 2015

CLIFFORD L HARDWICK, ESQUIRE
HARDWICK & HARRIS, LLP
SUITE 1501
201 NORTH CHARLES STREET
BALTIMORE, MD. 21201

ID# CLV069714

Re:  Mark A Delinski
Date of Injury: 7/19/2014
Your file Number: 61435

Dear Mr. Hardwick,

    As you know, the Truck Drivers and Helpers Local 355 Baltimore Area Health and Welfare Fund has a subrogated interest in the matter referenced above. To date, the Fund has paid $250,820.98 in medical benefits since Mr. Delinski's fall. These amounts are subject to the Fund's subrogation lien and reimbursement rights according to the signed Subrogation Agreement.

    Please advise the Fund Office of the status of this case. Also, please contact the Fund Office, at the number indicated above, for a Final Lien, prior to settlement.

    Should you have any questions or require additional information, please contact the Fund Office.

Sincerely,

Courtney Reinsfelder
Benefits Administration Corporation, Inc.
Administrator